IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrence Dimingo Terry, | ) | C/A No. 6:10-2006-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER TO STAY |
| | ) | |
| Leroy Cartledge, Warden of McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Terrence Dimingo Terry, is an inmate with the South Carolina Department of Corrections. He brings this petition under 28 U.S.C. § 2254 challenging his 2005 state court convictions.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation which sets forth in detail the relevant facts and standards of law on this matter, and which the court incorporates without a full recitation.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on July 10, 2011. The petitioner filed a 75 page objection memorandum which the court has carefully reviewed and will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## PROCEDURAL HISTORY

Petitioner was indicted in February 2005 in the Greenville County Court of General Sessions for two counts of lewd act upon a child and criminal sexual conduct with a minor. He pled guilty to all of the charges and was sentenced to 60 years and 30 years to run concurrently.

The petitioner did not file a direct appeal of his conviction. He did file an application for Post Conviction Relief (PCR) which the PCR judge granted on one of petitioner's claim of ineffective assistance of counsel. After an evidentiary hearing, the PCR judge found that plea counsel was ineffective for failing to advise petitioner regarding the meaning of "sexual battery" and that plea counsel's error was not cured by the plea colloquy. The PCR judge found petitioner's remaining allegations of ineffective assistance of counsel, prosecutorial misconduct, and lack of subject matter jurisdiction to be without merit. The PCR court reversed and remanded the petitioner's case for a new trial.

The State appealed the PCR court's decision contending that the court erred in finding that petitioner met his burden of proving ineffective assistance of counsel. The Supreme Court of South Carolina granted the petition for writ of certiorari. In a published opinion filed July 13, 2009,[2] the Supreme Court reversed the PCR court, finding that counsel's misunderstanding of the distinction between "sexual battery" and "sexual abuse" resulted in deficient performance so that counsel's representation fell below an objective standard of reasonableness. The Supreme Court also found, however, that counsel's deficient

---

[2] *See Terry v. State*, 680 S.E.2d 277 (S.C. 2009).

2

performance was cured by the plea colloquy even though there was no specific discussion by the plea judge of the term "sexual battery." Thus, the Court found that the charges were not affected by plea counsel's deficient performance in this regard.

The South Carolina Supreme Court also found that the petitioner had knowingly and voluntarily entered into a plea as to the charge of CSC with a minor because the petitioner admitted that the solicitor's statements of fact were true. The Supreme Court further concluded that the PCR judge erred in granting petitioner a new trial for the two counts of lewd act upon a child. Ultimately, the decision of the PCR judge was reversed and the South Carolina Supreme Court's remittitur was issued on July 29, 2009.

*The Federal Habeas Petitions*

On August 4, 2010, the petitioner filed three civil actions in this court. Each action was commenced with a § 2254 petition, and each contained various grounds of error. Those grounds are briefly summarized as follows:

*Petition I*

(1)   Prosecutorial Misconduct: violation of Rule 5 and *Brady*; violation of Rule 6; withholding of SLED results (involving the SLED DNA testing of the rape kit and clothing of the victim);

(2)   Prosecutorial Misconduct: use of alleged admission by defendant from family court without appointed counsel;

(3)   Ineffective Assistance of Counsel: issues 1, 2, and 4 of PCR order (relating to counsel's failure to investigate or meet with the defendant sufficiently; failure to address the defendant's court appearances while under the influence of psychotroptic drugs; failure to negotiate plea offers);

(4)   Ineffective Assistance of Counsel: issues 3 and 5 of PCR order (relating to failure to present mitigating evidence or obtain a psychological examination; failure to advise the defendant about pleading guilty despite lack of evidence).

3

*Petition II*

(1)  Prosecutorial Misconduct at the certiorari level: deliberate obstruction of the record on appeal (relating to the State's preparation of the appendix and retention of the exhibits with the Clerk);

(2)  Ineffective Assistance of Appellate Counsel: failure to provide proper representation and investigation;

(3)  Misinterpretations of the Record on Appeal; discrepancies in the record resulting in reversal of the PCR order granting relief; and

(4)  Due Process Violation; denial of right to present case under *pro se* status.

*Petition III*

(1)  Fourteenth Amendment Due Procession Violation of Brady (relating to inability to obtain relief at PCR regarding the failure to disclose the DNA SLED results or toxicology report);

(2)  Misconduct/Abuse of Discretion (relating to alleged admission in family court without counsel)

(3)  PCR Court Error:  PCR judge erred in granting relief on only one ground of ineffective assistance of counsel.

The court consolidated the three habeas actions into the present one and instructed the Clerk to append the second and third petitions to the original petition filed in this case. Thereafter, the respondent moved for summary judgment and later filed an amended memorandum in support.

In his motion for summary judgment, the respondent first suggests that the record does not support a finding of exhaustion, but that there may be an available remedy for some of petitioner's claims.  The respondent further notes:

> There was no direct appeal in this case. Petitioner did file an Application for Post-Conviction Relief. In his APCR, Petitioner arguably raised the claims now raised in Grounds One, Two, Three, and Four. The PCR Court could find Petitioner cannot meet the requirements for Austin review of the first habeas petition, and the Grounds raised in Grounds One, Two, and Three of the third habeas petition. The PCR Court granted relief on a claim Petitioner does not raise in this habeas action, but denied relief upon these claims. The State appealed. Petitioner did not file a cross-appeal. On appeal, the South Carolina Supreme Court reversed the PCR Court's Order. During the appeal, Petitioner did file a motion to proceed pro se with the South Carolina Supreme Court, thus arguably raising the claim he now raises in Ground Four of the second habeas petition. The South Carolina Supreme Court denied the motion.
>
> Respondent submits Petitioner may have an available state remedy to seek relief upon the claims he now raises in his first and third habeas petitions. Petitioner asserts in Grounds Two and Four of the second habeas petition that he requested PCR appellate counsel challenge the denial of relief upon his other PCR claims. He may be able to seek additional post-conviction relief and secure a belated PCR appeal on these claims. *See Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). "Under *Austin*, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." *Odom v. State*, 337 S.C. 256, 259-260, 523 S.E.2d 753, 755 (1999) (further noting the 1 year statute of limitations contained in S.C. Code Ann. § 17-27-45(A) does not apply to *Austin* filings). It is unclear from the record in this case whether Petitioner is entitled to relief upon *Austin*. As of the date of this filing, Petitioner has not filed a post-conviction relief action seeking appellate review of the denied claims pursuant to *Austin v. State*. Since Petitioner may still seek appellate review of his PCR claims via a PCR action filed pursuant to *Austin*, Petitioner has not exhausted all available state remedies for these claims. Since Petitioner did not properly exhaust these claims in state court, and he could seek appellate review in state court upon many of the claims raised in the first and third habeas petitions, Respondent submits these petitions are unexhausted. Thus, this habeas action contains both exhausted and unexhausted claims. Respondent submits it should therefore be dismissed to allow for state court review of the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 520–22, 102 S.Ct. 1198 (1982).

(ECF No. 52 at 16).

The respondent then contends that the petition should be dismissed because all of petitioner's claims are untimely and are barred by the statute of limitations.

It appears that petitioner has filed a "mixed" petition, that is, some of petitioner's claims are exhausted and some are unexhausted. Therefore, this court must determine whether to dismiss the petition without prejudice under *Rose v. Lundy,* 455 U.S. 509, 520–22 (1982); stay the case while the petitioner exhausts his remedies under *Rhines v. Weber*; 544 U.S. 269 (2005); allow the petitioner to amend his complaint and remove the unexhausted claims; or deny the petition on the merits of the claims, notwithstanding the petitioner's failure to exhaust all of his remedies.

The matter is further complicated by the fact that the petition was filed after the one year limitations period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The first requirement of the AEDPA is that the petitioner must exhaust his state court remedies, thus affording the state habeas court a full and fair opportunity to resolve the claims on the merits. This is not a jurisdictional requirement, rather it is a procedural rule based in comity.

Here, the State/respondent has suggested in its motion for summary judgment that the petitioner may have unexhausted claims and may have an available state remedy to seek relief upon some of the claims he now raises in his first and third habeas petitions. Therefore, he may be able to seek additional post conviction relief and secure a belated PCR appeal on these claims under *Austin v. State*, 305 S.C. 453 (1991). The respondent submits that it is unclear from the record whether he is entitled to relief under *Austin*, but the option

6

to seek the relief is available.

It appears to this court that there is the potential for the petitioner to present an issue on which an unresolved question of fact or of state law might have an important bearing on this court's decision. Without a complete exhaustion of the claims, however, this court cannot properly review the state court's final decisions to ensure that they conform with the standards under which this court must review a habeas petition.

In *Rhines v. Weber*, the Supreme Court recognized the one-year limitations period could create a problem because when a petitioner brings a "mixed" petition to the federal court, he runs the risk of losing his opportunity for any federal review of his unexhausted claims because petitioners cannot control when the district courts will resolve the exhaustion question, thus potentially rendering numerous petitions time-barred when re-filed in federal court. In *Rhines,* the Supreme Court held that district courts have the discretion to employ, in limited circumstances, "stay and abeyance" procedures to hold the § 2254 petition in abeyance while the petitioner exhausts his claims.

> The Supreme Court found the "stay and abeyance" route to be appropriate if:
>
> (1)   the petitioner had good cause for his failure to exhaust his claims;
>
> (2)   the unexhausted claims are not plainly meritless; and
>
> (3)   there is no indication that the petitioner engaged in abusive litigation practices or intentional delay.

*Id*. at 277–78.

7

If this court were to find that a stay is inappropriate and dismiss the mixed petition, this could impair the petitioner's right to obtain federal relief. Therefore, it appears the best course is to stay the action and hold it in abeyance while the petitioner exhausts his unexhausted claims.

In deciding whether to stay the habeas petition, which this court has discretion to do in limited circumstances, the court finds that here that the petition is mixed containing both exhausted and unexhausted claims. The petitioner contends he has good cause for his failure to exhaust his claims because the South Carolina Supreme Court denied his right to file appear *pro se* at the onset of certiorari appeal and denied his efforts to perfect and submit a pro se petition for rehearing. Had this been allowed, it might have extended the petitioner's tolling period. This is the impediment petitioner contends gives him cause for not exhausting any unexhausted claims earlier.

Next, the unexhausted claims are not plainly meritless, although this court makes no finding or suggestion as to their merit. Finally, the petitioner has diligently pursued his remedies in state court and federal court.

Finding that the petitioner meets the threshold finding set out in *Rhines*, the court will stay this action while the petitioner exhausts his state remedies on those claims the respondent has suggested may be available before the state court.

This court must then ensure that it uses its discretion in compliance with the AEDPA's purpose of reducing delays in the execution of state and federal sentences, and to streamline federal habeas proceedings to encourage the petitioner to exhaust all his claims in state court

8

before coming to federal court. In this instance, the court finds that the interest in the petitioner obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of his federal habeas petition.

Therefore, the petitioner must proceed, within 30 days of the date of this order, to commence an action to exhaust those unexhausted claims outlined in the respondent's motion for summary judgment. He shall then notify this court within 60 days of the date of this order of the status of his state proceedings and file a copy with this court of the state petition or appeal that he will be filing with the South Carolina Courts.

When the proceedings have concluded in state court so that all of petitioner's claims are exhausted, the petitioner shall immediately file an amended petition in this court and serve a copy upon the respondent. The petitioner shall carefully and legibly identify only those claims he wishes to proceed with in this court which have been exhausted and only those which directly relate to the claims which are now stayed. In other words, the petitioner may not assert any new claims other than those he has previously identified in this present petition. At such time, the respondent may move for summary judgment.

In the meantime, the court will dismiss the respondent's pending motion for summary judgment (ECF No. 41) without prejudice and with leave to refile after the petitioner has exhausted his state claims and after the petitioner files an amended petition. The Report and Recommendation will also be held in abeyance pending the plaintiff's exhaustion of certain claims.

## CONCLUSION

For the foregoing reasons, it is ordered that the petitioner immediately commence a proceeding in state court to exhaust the unexhausted claims. The remainder of this action is stayed pending exhaustion and as set out in this order.

IT IS SO ORDERED.

September 30, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge