IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Terrence Dimingo Terry, # 307935      ) | |
|                                                )   Petitioner,          ) | Civil Action No. 6:10-2006-BHH-KFM |
|        vs.                                       ) | **REPORT OF MAGISTRATE JUDGE** |
| Mr. Leroy Cartledge, *Warden of*,        )<br>*McCormick Correctional Institution*,   )<br>                                               )   Respondent.        ) | |

        The above-captioned case is a Section 2254 habeas corpus action. In an order filed in this case on September 30, 2011, the Honorable Joseph F. Anderson, Jr., United States District Judge, dismissed the respondent's motion for summary judgment *without prejudice* and with leave to refile after the petitioner has exhausted his state remedies and after the petitioner has filed an amended petition (doc. 79). Judge Anderson also stayed the case pending exhaustion (doc. 79 at 7–9).

        Since the stay was entered by Judge Anderson, the parties have filed various status reports. In an order (doc. 113) filed in this case on July 14, 2014, the Honorable Bruce Howe Hendricks, United States District Judge, referred the above-captioned case back to the undersigned magistrate judge for the issuance of a Report and Recommendation on the status reports filed and on the stayed status of this case (doc. 113).

        In an order (doc. 116) filed in this case on September 10, 2014, the undersigned directed the parties to file a status report on the state court proceedings. On September 24, 2014, counsel for the respondent apprised the court that the petitioner's post-conviction counsel on April 30, 2014, served a notice of appeal in the petitioner's second post-conviction case. In the appeal, the petitioner is now being represented by

Laura Caudy, Assistant Appellate Defender with the Commission on Indigent Defense. A transcript relating to the evidentiary hearing in the second post-conviction case was ordered on June 17, 2014, but has not yet been received as of September 24, 2014. Counsel for the respondent indicates that the petition for writ of certiorari and the appendix have not yet been filed.

The petitioner's pending appeal from the denial of post-conviction relief by the Court of Common Pleas in Case No. 2012-CP-23-1297 is in its preliminary stages. The above-captioned case has been stayed pursuant to the holding in *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (allowing stays of habeas cases in limited circumstances).

Judge Anderson on September 30, 2011, determined that this case should be stayed until the petitioner has exhausted his state remedies and has filed an amended petition (doc. 79 at 7–9). The petitioner is still in the process of exhausting his state court remedies with his pending appeal in the second post-conviction case. It is inappropriate, at this time, to revisit an issue already decided by another United States District Judge of this court. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (noting the "law of the case" doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *see also Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 290 n. 3 (4th Cir. 1982) ("With the matter raised, however, it bears observing that whether rulings by one district judge become binding as 'law of the case' upon subsequent district judges is not a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances."). Even so, the above-captioned case has been pending for more than four years, so the parties should be prepared to proceed promptly with this case when the appeal in the second post-conviction case is concluded.

Based on the foregoing, it is recommended that the district court continue the stay entered in the above-captioned case by Judge Anderson on September 30, 2011 (doc. 79). The parties should be directed to notify this court of issuance of the remittitur by the state appellate court within seven days of receiving such notice. The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.


September 26, 2014                                         s/ Kevin F. McDonald
Greenville, South Carolina                                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).