IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Dimingo Terry, #307935, ) | Civil Action No.: 6:10-2006-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| Mr. Leroy Cartledge, Warden of McCormick ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Terrence Dimingo Terry, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kevin McDonald, for pretrial handling and a Report and Recommendation ("Report"). Judge McDonald recommends that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be dismissed, *with prejudice*. (ECF No. 156.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action against Respondent on July 28, 2010,[1] alleging*, inter alia,* ineffective assistance of trial counsel. On January 26, 2016, the Magistrate Judge issued a Report; and on February 19, 2016, Petitioner filed his Objections. (ECF No.

---

[1] This filing date reflects the date the petition was received by the McCormick Correctional Institution mailroom. (ECF No.1-3.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

158.) The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly. [2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. Petitioner devotes the first thirty pages of his fifty-page filing[3] to "assessments and corrections of the factual data in the segments"—i.e., the procedural history as summarized by the Magistrate Judge. (ECF No. 158 at 1.) To the extent this portion of Petitioner's filing raises specific objections, the Court has conducted a thorough *de novo* review. The Court, however, finds no error in the Magistrate Judge's summation of the procedural history. The procedural posture of this case is admittedly complex, and the Magistrate Judge took great care to explain in detail Petitioner's actions in both state and federal court—specifically, Petitioner's first action for PCR relief and the State's appeal of that decision, Petitioner's first federal habeas petition, Petitioner's second action for PCR relief and his appeal of that decision, and the amended federal habeas petition that is now before this Court. (ECF No. 156 at 1–20.)

A stated by the Magistrate Judge, Petitioner raised a number of claims in his first PCR application, which he filed on November 11, 2005. (ECF No. 148-1 at 21–27.) The PCR court found all of the claims to be without merit except for the allegation that Petitioner was not advised as to the meaning of sexual battery prior to pleading guilty to two counts of Lewd Act Upon a Child and one count of Criminal Sexual Conduct with a Minor—the PCR court granted Petitioner's motion for PCR on this basis. (*Id.* at 147–48.)

---

[3] Petitioner also attaches 120 pages of documents to his objections. (ECF No. 158.)

The State then filed a motion to alter or amend the final order, (*Id.* at 151–53), and Petitioner also filed a *pro se* motion for reconsideration. However, because Petitioner was represented by counsel at this time, his *pro se* motion was found to be ineffective and void. (ECF No. 148-1 at 165–66) *See Foster v. State*, 379 S.E.2d 907, 907 (S.C. 1989) (finding that South Carolina courts do not allow "hybrid representation, that is, representation which is partially *pro se* and partially by counsel," and instructing Clerk of Court to return document submitted by petitioner because she was "represented by counsel in th[e] post-conviction matter pending before the Court"). The PCR court denied the State's motion to amend on July 2, 2007. (*Id.* at 165–66.) The South Carolina Supreme Court then reversed the decision of the PCR judge after the State filed an appeal, finding that plea counsel's deficient performance was cured by the plea colloquy even though there was no specific discussion of the term sexual battery. (*Id.* at 225–26.)

On April 16, 2008, Petitioner filed a *pro se* motion to remove counsel for self-representation (ECF No. 64-29), which the South Carolina Supreme Court denied on June 2, 2008 (ECF No. 148-3 at 61). The Magistrate Judge did not mention this motion and its subsequent denial in the Report. However, he did not need to because the denied motion had no ultimate bearing on Petitioner's grounds for relief. Petitioner's claim here that appellate representation was "forced upon him[]" is without merit. (ECF No. 158 at 6.) There is no federal or state constitutional right to proceed *pro se* in an appeal from a criminal conviction.[4] *See State v. Roberts*, 614 S.E.2d 626, 629 (S.C. 2005) ("Appellant clearly does not have a federal constitutional right to proceed *pro se*

---

[4] For the same reason, to the extent Petitioner argues that that the denial of his motion to remove counsel entitles him to equitable tolling, such an argument is without merit. *See State*, 614 S.E.2d at 629.

4

in this appeal from his criminal conviction. We also find there is no state constitutional provision which confers such a right."). Thus, the South Carolina Supreme Court appropriately exercised its discretion in denying Petitioner's motion to remove counsel. *Id.* ("[T]he Court may, in its discretion, allow an appellant to proceed *pro se* in an appeal from a criminal conviction.").

Petitioner filed a federal habeas petition on July 28, 2010. (ECF No. 148-1 at 228.) The Magistrate Judge exhaustively detailed the grounds for relief raised in the petition, explaining that there were originally three separate petitions, which the Court combined as one by order. (ECF No. 156 at 9–14.) Respondent filed a motion for summary judgment, which the Court dismissed without prejudice and with leave to re-file after Petitioner had exhausted his state remedies and filed an amended petition. (ECF No. 79 at 9.) The Court also stayed the current case pending exhaustion. (*Id.*)

Petitioner then filed a second PCR application on February 20, 2012. (ECF No. 148-4 at 2.) The PCR court found that all of the claims except for Petitioner's *Austin* claim[5] must be dismissed for failure to comply with the one year state statute of limitations. (ECF No. 148-5 at 58.) *See* S.C. Code Ann. § 17-27-45 ("An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."). Petitioner pled guilty to the offenses he challenged in his PCR actions on March

---

[5] Petitioner alleges ineffective assistance of PCR counsel for failing to file a notice of appeal following the March 2007 order granting Petitioner's first PCR application. "Under *Austin* [*v. State*, 409 S.E.2d 395 (S.C. 1991)], a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." *Odom v. State*, 523 S.E.2d 753, 755 (S.C. 1999); *see also King v. State*, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an *Austin* matter).

8, 2005. Pursuant to S.C. Code Ann. § 17-27-45, the state statute of limitations began to run on this date. Because Petitioner did not file his second PCR action until over six years later on February 20, 2012, the second PCR application was not timely filed. As a result, the PCR court found that it was not a properly filed application for state post-conviction relief and dismissed all of the claims other than the *Austin* claim as untimely. (ECF No. 148-5 at 58–59.) The PCR court then discussed the evidence relevant to Petitioner's *Austin* claim and found that Petitioner did not demonstrate that his PCR counsel was deficient for not filing the notice of appeal in the first PCR action. (*Id.* at 60–61.) The PCR court therefore denied the second PCR application and dismissed the action with prejudice. (*Id.* at 62.) The South Carolina Supreme Court denied the petition for a writ of certiorari and the remittitur was issued on June 22, 2015. (ECF No. 148-10; 148-11.)

Petitioner filed his amended habeas petition on July 24, 2015, setting forth the same grounds raised in his original habeas petition. (ECF No. 137.) Respondent then filed another motion for summary judgment, (ECF No. 149), which the Magistrate Judge granted in the instant Report.

After correctly summarizing the procedural history, the Magistrate Judge found that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d). (ECF No. 156 at 24.) As stated in the Report, Petitioner's conviction became final on March 18, 2005, ten days after entering his guilty plea. (*Id.*) The one-year statute of limitations therefore began to run on March 19, 2005, and was tolled from the filing of Petitioner's first PCR application on November 11, 2005, until September 14, 2009, when the South Carolina

6

Supreme Court issued the remitter in Petitioner's first PCR appeal. Thus, after accounting for the statutory tolling period, Petitioner had until January 21, 2010 to file his federal habeas petition. Petitioner did not file his first § 2254 petition until July 28, 2010, and the Magistrate Judge therefore correctly found that the petition was untimely. The statute of limitations was not further tolled by Petitioner filing his second PCR application on February 20, 2012, because by that time the one-year limitations period had already expired. The Magistrate Judge then determined that Petitioner's untimely filing should not be excused by equitable tolling and granted Respondent's motion for summary judgment. (*Id.* at 26–27.)

Here, Petitioner first objects that the Report's findings conflict with the Order issued by the Honorable Joseph F. Anderson, Jr., on September 30, 2011, quoting the portion of the Order holding that "[t]he Report and Recommendation will also be held in abeyance pending the plaintiff's exhaustion of certain claims." (ECF Nos. 158 at 33; 79 at 9.) Petitioner asserts that this language indicates that "summary judgment was [not Judge Anderson's] vision for this case." (ECF No. 158 at 38.) Relatedly, Petitioner also objects that the 2011 Order served to toll the applicable statute of limitations, arguing that "when the Federal Court stops its clock under a *Rhines*[6] circumstance, it would indeed effect the tolling procedures at the state level." (*Id.* at 45.)

Petitioner's argument that the action should continue to be stayed contradicts his July 24, 2015 Motion to Lift Stay, in which Petitioner asked this Court to "lift the stay and

---

[6] In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the United States Supreme Court held that a district court may stay a habeas proceeding where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

7

abeyance precedent set upon his initial habeas petition." (ECF No. 138 at 1.) Further, Petitioner misunderstands the findings of the 2011 Order. The Order instructs that once

> all of petitioner's claims are exhausted, the petitioner shall immediately file an amended petition in this court and serve a copy upon the respondent. The petitioner shall carefully and legibly identify only those claims he wishes to proceed with in this court which have been exhausted and only those which directly relate to the claims which are now stayed. In other words, the petitioner may not assert any new claims other than those he has previously identified in this present petition. At such time, the respondent may move for summary judgment.

(ECF No. 79 at 9.) Thus, the instant Report aligns with the Order's instructions—there is no conflict in this respect.

In addition, contrary to Petitioner's assertions, the 2011 Order did not serve to toll the statute of limitations under § 2244(d). Section 2244(d)(2) allows for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). For the reasons explained above, Petitioner's initial habeas petition was not timely filed. Under § 2244(d)(2), the 2011 Order had no effect on the timeliness of the Petition and Petitioner's ability to toll the statute of limitations. This objection is therefore overruled.

Petitioner next objects to Respondent's argument, as stated in the Report, that although "the petitioner has now exhausted his state PCR remedies following his second PCR action[,] . . . since the petitioner did not properly exhaust all of the claims raised in this action, some were procedurally defaulted in state court and are subject to procedural bars." (ECF No. 158 at 39; 156 at 23.) Petitioner asserts that Respondent's argument indicates that at least some claims are not procedurally defaulted. (ECF No.

8

158 at 39–40.) The Court sympathizes with Petitioner's confusion—the Magistrate Judge mentioned this aspect of Respondent's motion for summary judgment but did not rely on this argument to dispose of the motion. (ECF No. 156 at 23.) Rather than engage in an exhaustion analysis, the Magistrate Judge found that all of the claims were barred by the statute of limitations under § 2244(d). As explained above, this is a procedural bar separate from the exhaustion requirement.

Finally, Petitioner appears to object that the Court should have reached the merits of his *Austin* claim. (ECF No. 158 at 46.) However, as the Magistrate Judge correctly explained, "a subsequent motion for a belated appeal of a state PCR action does not retroactively toll the statute back to the filing date of the original PCR." (ECF No. 156 at 25 (citing *Harris v. Riley*, No. 0:14-187, 2015 WL 403202, at *6 (D.S.C. Jan. 30, 2015) (finding second PCR action did not toll federal statute of limitations as it was filed after the expiration of time period despite grant of *Austin* appeal); *Clayton v. Bryant*, No. 8:12-cv-878, 2013 WL 1187030, at *3 (D.S.C. March 20, 2013) (same); *Hepburn v. Eagleton*, No. 6:11-2016, 2012 WL 4051126, at *2–3 (D.S.C. Sept. 13, 2012) (same))).) Thus, because the § 2244(d) statute of limitations had already expired by the time Petitioner filed his second PCR action, the *Austin* claim asserted in the second PCR action did not toll the statute of limitations. The Magistrate Judge therefore correctly found that the claim was procedurally barred as untimely filed, making any discussion of the merits unnecessary.

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and

rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's remaining objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 149) is GRANTED and Petitioner's § 2254 petition is DISMISSED, *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

<u>/s/Bruce Howe Hendricks</u>
United States District Judge

March 14, 2016
Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.